UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNIFIED BUSINESS TECHNOLOGIES, INC.,

        Plaintiff/
        Counter-defendant,

                                        Case No. 09-CV-13850
vs.                                  HON. GEORGE CARAM STEEH

PRASAD NAIR,

        Defendant/
        Counter-plaintiff.

_____/

ORDER GRANTING PLAINTIFF'S SECOND MOTION TO REMAND (# 5)

Plaintiff Unified Business Technologies, Inc. ("UBT") moves to remand this lawsuit to Michigan's Oakland County Circuit Court.  Oral argument would not significantly aid the decisional process.  Pursuant to E.D. Mich. Local R. 7.1(e)(2), it is ORDERED that the motion be resolved without oral argument.

## I. Background

UBT filed a complaint against defendant Prasad Nair in Michigan's Oakland County Circuit Court on January 12, 2009 alleging breach of Nair's employment contract.  Nair removed the lawsuit to federal district court on February 13, 2009, asserting federal diversity jurisdiction under 28 U.S.C. § 1332(a).  The case was assigned to this court as Unified Business Technologies, Inc. v. Nair, 09-CV-10547 (2009) ("Nair I").  On May 13, 2009, this court granted UBT's motion to remand the case to state court on finding that Nair failed to meet his burden of demonstrating that the amount in controversy exceeded the $75,000.00 jurisdictional limit.  May 13, 2009 Order, Nair I, at 5 (citing Coyne v. American

Tobacco Co., 183 F.3d 488 (6th Cir. 1999); and Gafford v. Gen. Elec. Co., 997 F.2d 150, 155 (6th Cir. 1993)).   The court also denied Nair's motion for leave to file a counter-complaint. Id. at 7-8.  Nair I was remanded on May 13, 2009.

Nair filed a separate federal lawsuit against UBT on May 20, 2009 alleging that his employment contract was unenforceable as a matter state and federal law.  See Nair v. Unified Business Technologies, Inc., 09-CV-11934 (2009) ("Nair II").  Nair alleged violations of the California Labor Code, unjust enrichment, and violations of the federal Fair Labor Standards Act ("FLSA").  The case was reassigned to this court on May 27, 2009 as a companion case to Nair I.  Nair accepted an offer of judgment of $2,500.00 from UBT, and judgment entered in favor of Nair and against UBT on August 31, 2009 under Rule 68(a). Nair II (Docket # 17).

On September 29, 2009, defendant Nair again removed the state action to federal court.   Nair based this second removal on September 8, 2009 amended claims of defamation and interference with commercial relations filed in state court by UBT.  Nair's notice of removal invokes federal question jurisdiction under 28 U.S.C. § 1331, asserting that the new state law claims are based on Nair's protected activities of talking about violations of federal law such as the FLSA and Immigration laws, and therefore the amended state law claims necessarily and substantially turn on interpretations of federal law.  Nair also invokes federal diversity jurisdiction under § 1332(a), asserting that UBT President Michelle D'Souza testified that the amended claims are worth $30,000.00 to $40,000.00, thus placing the amount in controversy above the $75,000.00 jurisdictional limit when considering UBT's attestation in Nair I that the amount in controversy as to the initial breach of contract claim was $38,164.00 to $43,164.00.  The removed case was assigned to another federal judge as Unified Business Technologies, Inc. v. Nair, 09-CV-13850

(2009) ("Nair III").  On October 6, 2009, Nair filed counterclaims against UBT of retaliation in violation of the FLSA, and retaliation and violation of the California Labor Code.  UBT filed the instant motion to remand on October 29, 2009.  The case was reassigned to this court as a companion case to Nair I on November 10, 2009.

## II. UBT's Second Motion for Remand

UBT argues that Nair has failed to cite supporting authority for the proposition that the amended state law claims fall within the court's federal question jurisdiction under § 1331 simply because some of Nair's alleged defamatory remarks included statements that UBT was violating federal laws.  UBT continues that Nair has again failed to demonstrate that the amount in controversy exceeds $75,000.00, as required under § 1332(a).  UBT argues that the court found in Nair I that the amount in controversy before the amended state law claims were filed was $28,164.00, and therefore adding $40,000.00 in damages as attested to by D'Souza brings the total only to $68,164.00.  UBT also proffers a signed statement pursuant to Eastern District of Michigan Local Rule 81.1(d) that UBT's best estimate of the maximum amount of damages for all three state law claims is $58,164.00.  UBT further argues that Nair's October 6, 2009 counterclaim should be struck because it was filed without leave of court, after this matter was improperly removed from state court on September 29, 2009.  UBT seeks sanctions of $2,470.00 in attorney's fees under Rule 11 and 28 U.S.C. § 1447(c) for Nair's second removal of this lawsuit to federal court.

## A. Federal Question Jurisdiction

"Only state court actions that originally could have been filed in federal court may be removed to federal court by the defendant."  Valinski v. Detroit Edison, 197 Fed. App'x 403, 406 (6th Cir. Aug. 4 2006) (quoting Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987)).

. . . . 28 U.S.C. § 1331 provides that the "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." In determining whether an action "arises under" federal law, we are governed by the well-pleaded complaint rule, which requires that a federal question be presented on the face of the complaint. See Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987); Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152, 29 S.Ct. 42, 53 L.Ed. 126 (1908). Accordingly, a case arises under federal law, for purposes of § 1331, when it is apparent from the face of the plaintiff's complaint either that the plaintiff's cause of action was created by federal law, Mottley, 211 U.S. at 152, 29 S.Ct. 42; or if the plaintiff's claim is based on state law, a substantial, disputed question of federal law is a necessary element of the state cause of action. Gully v. First Nat'l Bank, 299 U.S. 109, 112-13, 57 S.Ct. 96, 81 L.Ed. 70 (1936); Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 27-28, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983) ("[O]nly those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.").

Michigan Southern Railroad Co. v. Branch & St. Joseph Counties Rail Users Association,

Inc., 287 F.3d 568, 573 (6th Cir. 2004).

UBT alleges in its First Amended Complaint that:

7. . . . . Nair has made and/or published certain false and defamatory statements about UBT on internet web sites [sic] and through mass internet mailing lists and directly to UBT's customers and current employees . . . , including but not limited to stating that UBT has committed certain illegal acts, including but not limited to violating the Federal Fair Labor Standards Act and Immigration laws and that UBT has threatened Nair with multiple legal actions if he didn't settle his claims against UBT.

*       *       *

**COUNT II DEFAMATION**

13.  UBT incorporates by reference Paragraphs 1 through 12, above, as though more fully set forth herein.

14.  Nair has made and/or published to certain employees and customers of UBT certain false and defamatory statements about UBT including but not limited to stating that UBT has committed certain illegal acts and has threatened Nair with multiple legal actions if he didn't settle claims against UBT, as referenced and described in Paragraph 7, above.

September 8, 2009 First Amended Complaint, at 2-3.

It is apparent from the face of UBT's First Amended Complaint that UBT's causes of action for defamation and interference with business relations are creatures of state law, not federal law.  See Mitan v. Campbell, 474 Mich.21, 24, 706 N.W.2d 420 (2005) (setting forth the elements of a defamation claim); Lakeshore Comm. Hosp., Inc. v. Perry, 212 Mich. App. 396, 401, 538 N.W.2d 24 (1995) (setting forth the elements of tortious interference with business relations).  Nair contends that UBT's right to recover for defamation necessarily depends on resolution of two substantial questions of federal law: (1) whether the August 31, 2009 judgment entered against UBT in Nair II, adjudicating that UBT violated the FLSA, estops UBT from now recovering on a theory that Nair made false statements that UBT violated the FLSA; and (2) whether Nair's opinions that UBT violated the FLSA constitute protected activity under 29 U.S.C. § 215(a)(3), which makes it unlawful for any person to discriminate against an employee "because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding[.]"

Whether UBT's defamation claims are barred by application of the August 31, 2009 federal judgment in Nair II does not raise a substantial question of federal law.  State courts have routinely applied the doctrine of res judicata to federal judgments.  See Pierson Sand and Gravel, Inc., 460 Mich. 372; 596 N.W.2d 153 (1999).  Nair has not proffered authority, and the court has found no authority, which would support a conclusion that raising a defense of res judicata to a state law claim, based on entry of an earlier federal court judgment, provides a federal district court with original federal question jurisdiction over state law claims.  Under the well-pleaded complaint rule, a federal district court examines the allegations in the complaint, and generally ignores potential defenses.  Valinski, 197

Fed. App'x at 406 (citing <u>Caterpillar</u>, 482 U.S. at 393).  Nair does not allege nor argue that the FLSA wholly displaced the amended state law claims of defamation and tortious interference with commercial relations through complete preemption.  <u>See</u> <u>Valinski</u>, 197 Fed. App'x at 406 (citing <u>Beneficial Nat. Bank v. Anderson</u>, 539 U.S. 1, 8 (2003)).

Whether UBT filed its amended claims of defamation and interference with commercial relations in retaliation for Nair's filing of <u>Nair II</u> also fails to raise a substantial, disputed question of federal law.  <u>Michigan Southern Railroad</u>, 287 F.3d at 573.  It is beyond dispute that 29 U.S.C. § 215(a)(3) of the FLSA makes it unlawful for  anyone to retaliate against an employee for filing a lawsuit or testifying in any proceeding related to the FLSA.  Nair's allegation of retaliation raises a factual defense to UBT's amended claims, that is, whether UBT is prosecuting its state law claims in good faith, or in retaliation for Nair's prosecution of <u>Nair II</u>.  Claims that present "fact-bound and situation specific" issues instead of a "pure issue of [federal law]" do not raise substantial issues of federal law warranting removal.  <u>Arnold v. Baxter Healthcare Corp.</u>, 609 F.Supp.2d 712, 717-718 (N.D. Ohio 2009) (quoting <u>Empire Healthchoice Assur., Inc. v. McVeigh</u>, 547 U.S. 677, 700 (2006) and <u>Bennett v. Southwest Airlines Co.</u>, 484 F.3d 907, 911 (7th Cir. 2007)).  UBT's state law claims do not allege that Nair violated the FLSA, and Nair has not shown that the FLSA provides for analogous civil causes of action for defamation or tortious interference with commercial relations.  Such evinces Congress'  intent that a federal district court should not resolve the claims.  <u>Arnold</u>, 609 F.Supp.2d at 716 (citing <u>Merrell Dow Pharm. Inc. v. Thompson</u>, 478 U.S. 804, 814 (1986)).  The instant dispute between UBT and Nair does not present an actual and substantial dispute over the meaning or interpretation of a particular FLSA statute, or the actions of a federal agency. <u>See</u> <u>Arnold</u>, 609 F.Supp.2d at 716 (citing <u>Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.</u>, 545 U.S. 308, 315

6

(2005)).  The asserted need to apply § 215(a)(3) of the FLSA to UBT's state law claims is insufficient of itself to support a finding that UBT's state law claims raise a substantial question of federal law.  Adventure Outdoors, Inc. v. Bloomberg, 552 F.3d 1290, 1300 (11th Cir. 2008) (quoting Grable, 545 U.S. at 313).  This court agrees with the analysis set forth in Adventure Outdoors, and shares its concern that "by authorizing the exercise of federal [question] jurisdiction here, [the court] would open the doors of federal courts in this circuit whenever a defamation defendant accuses a plaintiff of violating federal law."  Adventure Outdoors, 552 F.3d at 1302.

Nair has failed to show that this court has original federal question subject matter jurisdiction over UBT's amended state law claims of defamation and interference with commercial relations.  Michigan Southern Railroad, 287 F.3d at 573.  The court turns to the issue of federal diversity jurisdiction.

## B.  Diversity Jurisdiction

As set forth in the court's May 13, 2009 Order issued in Nair I, Nair has the burden of proving the $75,000.00 jurisdictional requirement of 28 U.S.C. § 1332(a) by a preponderance of the evidence.  Gafford, 997 F.2d at 155, 158-60; Coyne, 183 F.3d at 493.  Disputed questions of fact and ambiguities in state law are resolved in favor of UBT, the non-removing party.  Coyne, 183 F.3d at 493.  The amount in controversy is determined at the time of removal.  Rogers v. Wal-Mart Stores, Inc., 230 F.3d 868, 871 (6th Cir. 2000).

In Nair I, UBT submitted a signed statement pursuant to Local Rule 81.1(d) indicating $38,164.00  to $43,164.00 in claimed damages.  May 13, 2009 Order, Nair I, at 4-5.  Included in this estimate was a claim of $10,000.00 to $15,000.00 in attorney's fees UBT believed it was entitled to recover under the parties' employment contract.  Id. at 5.  The $75,000.00 jurisdictional amount is computed "exclusive of interest and costs," 28

7

U.S.C. § 1332(a), and attorney fees are generally not included in the jurisdictional calculation unless recovery of attorneys' fees is provided for by contract or a statute mandates or expressly permits the recovery of such fees.  May 13, 2009 Order, <u>Nair I</u>, at 5 (citing <u>Williamson v. Aetna Life Ins. Co.</u>, 481 F.3d 369, 376 (6th Cir. 1996)).  As in <u>Nair I</u>, Nair has not come forward with evidence that UBT is entitled to recover attorney fees under the employment contract or a statute.  <u>See</u> May 13, 2009 Order, <u>Nair I</u>, at 5-6.  UBT has eliminated its prior claim of $10,000.00 to $15,000.00 in attorney's fees in its October 29, 2009 statement submitted under Local Rule 81.1(d), and has reiterated its prior estimates of $14,520.00 in liquidated damages under the employment contract, $10,000.00 in lost profits, and $3,644.00 in costs and out of pocket expenses.  Compare May 13, 2009 Order, <u>Nair I</u>, at 5 with October 29, 2009 Statement.  Nair has failed to demonstrate that it is more likely than not that UBT is entitled to recover attorney fees in this action.  <u>Gafford</u>, 997 F.2d at 155, 158-60; <u>Coyne</u>, 183 F.3d at 493; <u>Williamson</u>, 481 F.3d at 376.  Accordingly, the $10,000.00 to $15,000.00 in attorney's fees claimed by UBT in <u>Nair I</u>, as in <u>Nair I</u>, is not included in the jurisdictional calculation.  28 U.S.C. § 1332(a); <u>Williamson</u>, 481 F.3d at 376.

Consistent with <u>Nair I</u>, UBT's current estimated damages for its breach of contract claim are $28,164.00 ($14,520.00 in liquidated damages + $10,000.00 in lost profits + $3,644.00 in costs and expenses).  Adding UBT President D'Souza's testimony that damages arising under the amended state law claims of defamation and interference with with commercial relations "[c]ould be" $30,000.00 to $40,000.00, Sept. 11, 2009 Transcript, at 241, Nair has at best shown that UBT's damages are $68,164.00, well below the jurisdictional amount of $75,000.00.  Nair has failed to meet his burden of proving the $75,000.00 jurisdictional requirement of 28 U.S.C. § 1332(a). <u>Gafford</u>, 997 F.2d at 155,

8

158-60; Coyne, 183 F.3d at 493.

### III. Conclusion

Nair has not shown that this court has original jurisdiction over UBT's amended state law claims of defamation and interference with commercial relations, and thus, the matter was improvidently removed. Valinski, 197 Fed. App'x at 406. Consistent with the lack of subject matter at the time of removal on September 29, 2009, the court will strike without prejudice the counterclaims filed by Nair on October 6, 2009, affording the state court the opportunity to rule on their procedural and substantive propriety. The court is not persuaded that UBT is entitled to monetary sanctions. Accordingly,

UBT's motion to remand is hereby GRANTED. Nair's October 6, 2009 counterclaim is hereby STRICKEN without prejudice to Nair's right to pursue the counterclaims in state court. UBT's request for sanctions of $2,470.00 in attorney's fees is hereby DENIED. This matter is hereby REMANDED to Michigan's Oakland County Circuit Court.

SO ORDERED.

Dated:  December 3, 2009

s/George Caram Steeh_____
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
December 3, 2009, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk

---